UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEAN E. DUNN, a married person, and PATRICIA DUNN, a married person,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SPOKANE, a Municipal Corporation, QWEST, a foreign corporation, S. MALANIK and 'Jane Doe" MALANIK, individually and as a marital community, TY SNYDER and "Jane Doe" SNYDER, individually and as a marital community, BRYAN TOFOYA and "Jane Doe" TOFOYA, individually and as a marital community, LORI HATCH, a single woman, A.H., a minor child,<br><br>Defendants. | NO. CV-07-366-RHW<br><br>**ORDER GRANTING DEFENDANT QWEST'S MOTION TO DISMISS** |

Before the Court is Defendant Qwest's Motion to Dismiss (Ct. Rec. 11). A hearing on the motion was held on February 21, 2008. Plaintiffs were represented by Bryan Whitaker. Defendant Qwest was represented by Michael Hines and Richard Benenson. Ellen O'Hara, counsel for the City of Spokane Defendants, participated telephonically.

Plaintiffs originally filed this case in Spokane Superior Court, asserting claims under 42 U.S.C. § 1983, as well as various state law claims. Defendant City of Spokane removed the action to the U.S. District Court for the Eastern District of Washington. Defendant Qwest now moves the Court to dismiss the state law invasion of privacy claim asserted against it.

**ORDER GRANTING DEFENDANT QWEST'S MOTION TO DISMISS ~ 1**

# DISCUSSION

Defendant Qwest makes a number of arguments in support of its Motion to Dismiss. Only one needs to be addressed at this time, that is, whether the federal Stored Communications Act preempts Plaintiffs' state law invasion of privacy claim. The Court finds that it does.

## A.   Standard of Review

The purpose of rule 12(b)(6) is to test the sufficiency of the statement of a claim showing that plaintiff is entitled to relief, without forcing defendant to be subjected to discovery. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). The motion to dismiss does not involve evaluating the substantive merits of the claim. *Id.* The standard is viewed liberally in favor of plaintiffs. *Id.* at 1275. Read in conjunction with Fed. R. Civ. P. 8(a), the motion should be dismissed where plaintiff fails to state an adequate "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court must evaluate whether, in the light most favorable to the pleader, and resolving all discrepancies in the favor of the pleader, the actual allegations asserted raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). In short, the complaint must provide "plausible" grounds for recovery on its face. *Id.*

Rule 12(b)(6) motions are viewed with disfavor. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). "Dismissal without leave to amend is proper only in 'extraordinary' cases." *Id.* Nevertheless, a preemption determination is treated as an adjudication on the merits. *Stewart v. U.S. Bankcorp*, 297 F.3d 953, 956, 959 (9th Cir. 2002) ("In preemption cases the district court must analyze the complaint to determine if a federal preemption defense applies. A district court's analysis of whether the complaint is federally preempted is a question of law and fact; it is a decision on the merits of the pleadings.").

///

**ORDER GRANTING DEFENDANT QWEST'S MOTION TO DISMISS ~ 2**

**B.    The Stored Communications Act**

Defendant Qwest argues that the federal Stored Communications Act expressly preempts Plaintiffs' state law invasion of privacy act.

18 U.S.C. § 2702(a)(3) provides:

> [A] provider of remote computing service or electronic communication service to the public shall not knowingly divulge a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications covered by paragraph (1) or (2) to any governmental entity.

18 U.S.C. § 2702(b) provides exceptions to section (a)'s prohibitions. Specifically, section (b)(8) states that:

> A provider . . . may divulge the contents of a communication–
> (8) to a governmental entity, if the provider, in good faith, believes that an emergency involving danger of death or serious physical injury to any person requires disclosure without delay of communications relating to the emergency.

18 U.S.C. § 2707 permits a civil action against the provider. Specifically, it states:

> a) Cause of action.--Except as provided in section 2703(e), any provider of electronic communication service, subscriber, or other person aggrieved by any violation of this chapter in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind may, in a civil action, recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate. . .
> (c) Damages.--The court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but in no case shall a person entitled to recover receive less than the sum of $1,000. If the violation is willful or intentional, the court may assess punitive damages. In the case of a successful action to enforce liability under this section, the court may assess the costs of the action, together with reasonable attorney fees determined by the court.

Section 18 U.S.C. § 2708 provides that the SCA is the exclusive remedy for violations of this statute:

> The remedies and sanctions described in this chapter are the only judicial remedies and sanctions for nonconstitutional violations of this chapter.

///

**ORDER GRANTING DEFENDANT QWEST'S MOTION TO DISMISS ~ 3**

**C.     Federal Preemption**

The Ninth Circuit has succinctly set forth the preemption doctrine:

> Congress may preempt state law in several different ways. Congress may do so expressly (express preemption). Even in the absence of express preemptive text, Congress' intent to preempt an entire field of state law may be inferred "where the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress 'left no room' for supplementary state regulation" (field preemption). State law also is preempted "when compliance with both state and federal law is impossible," or if the operation of state law " 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress '" (conflict preemption).

*In re Cybernetic Servs., Inc.*, 252 F.3d. 1039, 1045-46 (9th Cir. 2001).

The Court finds that section 2708 of the Stored Communications Act evidences Congress's express intent to displace state law causes of actions for the divulging of stored electronic communications to third parties. The Court finds that any claims regarding collateral investigations undertaken by Qwest would also need to be brought under the Stored Communications Act.

Defendant Qwest asks the Court to dismiss Plaintiffs' invasion of privacy claims asserted against it without leave to amend. The Court declines to do so.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Qwest's Motion to Dismiss (Ct. Rec. 11) is **GRANTED**.

2. The invasion of privacy claim asserted against Defendant Qwest is dismissed with prejudice.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to counsel.

**DATED** this 22nd day of February, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Court

Q:\CIVIL\2007\Dunn\grant.wpd

**ORDER GRANTING DEFENDANT QWEST'S MOTION TO DISMISS ~ 4**